**Ernest POPE, Plaintiff–Appellant,**

v.

**CITY OF CLEVELAND; Henry Guzman; Mark Ricchinto, Defendants–Appellees.**

No. 01–3039.

United States Court of Appeals, Sixth Circuit.

Oct. 26, 2001.

Before BOYCE F. MARTIN, JR., Chief Judge; DAUGHTREY, and MOORE, Circuit Judges.

## ORDER

Ernest Pope, an Ohio resident proceeding pro se, appeals the district court order granting summary judgment to the defendants in this employment discrimination case. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After exhausting his administrative remedies, Pope sued the City of Cleveland (the City), Director of Public Safety Henry Guzman, and Director of Public Services Mark Ricchinto for monetary, declaratory, and injunctive relief. Pope, who was represented by counsel below, alleged that the defendants discriminated against him on the basis of his race and age when they failed to promote him from Sidewalk Inspector to Chief Sidewalk Inspector. After a period of discovery, the defendants moved for summary judgment. The district court granted summary judgment to the defendants, holding that although Pope established a prima facie case of race and age discrimination the defendants came forward with a legitimate, non-discriminatory reason for their failure to promote him.

In his timely appeal, Pope argues that: (1) his attorney was negligent and did not adequately investigate his case; (2) he was not permitted to be present at a case management conference and was unable to refute fraudulent statements made by the defendants; and (3) his attorney rendered him ineffective assistance of counsel in violation of his constitutional rights. Pope also requests the appointment of counsel.

Upon de novo review, we conclude that the district court properly granted summary judgment to the defendants. *See Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir.2000). Pope, an African–American, was born in 1943 and had worked for the City for twenty-eight years when he applied for the position of Chief Sidewalk Inspector in 1997. His service with the City included twenty-one years as a Sidewalk Inspector and two years as Acting Chief Sidewalk Inspector. When the City advertised for the position of Chief Sidewalk Inspector, the job requirements included supervisory duties, a technical degree, concrete construction knowledge, communication skills, and math skills. Pope was interviewed but the successful candidate was John Petkac, a thirty-eight-year-old white male. After Petkac was

promoted to the position of Superintendent of the Sidewalk Division in 1998, Pope applied for the Chief Inspector position again. This time, the City hired Philip Jecubic, a white male aged forty-four.

■ The defendants were entitled to a judgment as a matter of law. *See* Fed. R.Civ.P. 56(c). Pope established two of the elements of prima facie cases of race and age discrimination because he was African–American, over forty, and the City promoted substantially younger white candidates. *See Nguyen v. Cleveland,* 229 F.3d 559, 562–63 (6th Cir.2000); *Barnett v. Dep't of Veterans Affairs,* 153 F.3d 338, 341 (6th Cir.1998). However, even assuming that Pope's experience qualified him for the position of Chief Sidewalk Inspector, the City offered a legitimate and non-discriminatory explanation for hiring Petkac and Jecubic over Pope. Both of the successful candidates had more technical knowledge of concrete from their work in private industry and for the state of Ohio. Pope did not establish that the City's reason was a mere pretext for discrimination. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). As the district court observed, neither the City's divergence from its policy of promoting from within or the fact that Petkac and Jecubic were friends demonstrated that the defendants discriminated against Pope on the basis of his race or age. Pope presented no evidence on which a jury could reasonably find that he had carried his ultimate burden of persuasion. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 254–55, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

■ Pope's argument that his attorney was negligent and rendered ineffective assistance of counsel is without merit.

There is no constitutional or statutory right to the effective assistance of counsel in a civil case. *See, e.g., Friedman v. Arizona,* 912 F.2d 328, 333 (9th Cir.1990); *Glick v. Henderson,* 855 F.2d 536, 541 (8th Cir.1988).

Pope's argument that he was not permitted to be present at a case management conference is also without merit. He has not directed this court to the existence of any genuine issue of material fact that would have changed the outcome of the case.

For the foregoing reasons, we deny Pope's motion for counsel and affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.