UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

TIMOTHY W. MOSHER,
            *Plaintiff-Appellant,*

v.                                              No. 01-1059

WASHINGTON GAS LIGHT COMPANY,
            *Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Albert V. Bryan, Jr., Senior District Judge.
(CA-00-1679-A)

Argued: June 4, 2001

Decided: September 10, 2001

Before WILKINS and MOTZ, Circuit Judges, and
Irene M. KEELEY, Chief United States District Judge for the
Northern District of West Virginia, sitting by designation.

Reversed and remanded by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Marc Jonathan Smith, SMITH, LEASE & GOLDSTEIN,
L.L.C., Rockville, Maryland, for Appellant. Larry Edward Funk,
Office of the General Counsel, WASHINGTON GAS LIGHT COM-
PANY, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

In this case, we are asked to decide whether a district court based its ruling on an inadequately developed record when it granted summary judgment to an employer in an age discrimination suit. For the reasons that follow, we reverse and remand the case for further action.

### I.

On October 11, 2000, Timothy Mosher ["Mosher"] sued his long-time employer, Washington Gas Light Company ["Washington Gas"], alleging that it violated the Age Discrimination in Employment Act ["ADEA"], 29 U.S.C. § 621, *et seq.*, when it terminated him as part of a reduction-in-force. Instead of filing an answer, Washington Gas filed a motion to dismiss or, in the alternative, for summary judgment[1] on November 3, 2000.

The district court scheduled oral argument on the motion for December 8, 2000 and thereafter entered a global scheduling order that set the discovery cut-off in the case for February 23, 2001, and the final pretrial conference for March 15, 2001. Mosher, who had served initial discovery requests on Washington Gas shortly after serving his complaint[2], filed his response to Washington Gas' disposi-

---

[1]Although Washington Gas styled its motion alternatively, its brief did not discuss Rule 12(b)(6), and it attached a Listing of Undisputed Facts, containing information outside of the pleadings, as well as an affidavit from one its vice presidents. This Court, therefore, regards the motion as one for summary judgment, pursuant to Rule 56(c), and not as a Rule 12 motion to dismiss. *See* Fed.R.Civ.P. 12(b).

[2]Although the record does not reflect the date on which these requests were served, Washington Gas' responses were due on or before December 8, 2000.

tive motion on November 17, 2000. Significantly, Washington Gas did not respond to Mosher's initial discovery requests until nearly two weeks later, on November 27, 2000. It then filed its reply brief on December 4, 2000.

Two days after receiving the defendant's reply brief, on December 6, 2000, Mosher's attorney submitted a Rule 56(f) affidavit advising the district court that he had not had the benefit of any of Washington Gas' discovery responses at the time he filed Mosher's response brief on November 17th. Moreover, he pointed out that "in its Motion, Defendant [Washington Gas] relies upon a wealth of information and material outside of the pleadings . . . [to which Mosher] has not been granted access" (JA 117-18), specifically noting certain information about the selection process used by Washington Gas to determine which employees would be terminated as part of its reduction-in-force. Mosher's attorney argued that having the discovery would have enabled him to more adequately refute the employer's contentions about these criteria and selection processes in his response brief.

Mosher also filed an affidavit with the district court, dated September 5, 2000, by Robert A. Sykes, Washington Gas' human resource director, that Washington Gas had used to respond to an administrative proceeding before the Fairfax County Human Rights Commission. Mosher emphasized that this affidavit was inconsistent with the affidavit Sykes had signed on November 3, 2000, that Washington Gas had attached to its dispositive motion.

Despite these developments, and without conducting the previously scheduled oral argument, the district court entered a memorandum opinion and order on December 8, 2000 that granted Washington Gas' motion. This order concluded:

> The court grants summary judgment on Counts I and II. The court finds that in using the *McDonnell Douglas* burden shifting framework, the plaintiff was a member of a protected class, was performing satisfactorily and was terminated. There may be [a] dispute as to whether others similarly situated, but not members of the protected class, were treated differently; however, the defendant has articulated a legitimate, non-discriminatory reason for its actions,

and there is no indication in the record to suggest that the employer's proffered reason is pretextual. *In light of the fact that the defendant has already responded to discovery requests, the plaintiff's request for additional discovery is no more than mere speculation.* While there may be a dispute as to whether the plaintiff retired or was terminated, such a question is irrelevant in a claim for age discrimination in which the plaintiff was permitted to remain employed long enough to receive his pension benefits.

As concerns Count III for breach of contract, the court grants the motion to dismiss. The plaintiff conceded in footnote one of his reply brief that his claim for breach of contract is preempted by ERISA. The court agrees. Accordingly, the motion to dismiss this count is granted. If the plaintiff seeks to amend his complaint, the court will deal with that when it occurs. But, the complaint as it now stands will be dismissed with prejudice. . . .

For the foregoing reasons, the court grants the defendant's motion to dismiss and for summary judgment. The case is dismissed with prejudice.

JA 151 (emphasis added). Mosher noted this appeal on December 22, 2000.

## II.

Mosher first contends that the district court failed to provide him with an opportunity to discover information essential to his response to the motion for summary judgment. He also alleges that the district court erred in failing to permit him to amend Count III of the complaint before dismissing the case in its entirety with prejudice. Next, Mosher argues that the district court abused its discretion in failing to consider his counsel's Rule 56(f) affidavit. Finally, he contends that the district court erred in concluding that, although he had made a *prima facie* case, his employer's asserted reason for terminating his employment was legitimate and non-discriminatory and that the record was devoid of any evidence of pretext. He maintains that nei-

ther of the parties below had the opportunity to brief that issue prior to the court's ruling.

According to Washington Gas, Mosher did not seek further discovery and, therefore, the district court correctly held that any additional discovery would be speculative. Washington Gas also notes that Mosher failed to move the court for leave to amend his complaint. Finally, it explains in great detail how and why Mosher was selected to be terminated during the reduction-in-force, and argues that he was not entitled to a severance benefit because he was not terminated but rather chose to take early retirement.[3]

The key issue in this appeal is not whether Washington Gas will ultimately prevail, but whether Mosher has had a full and fair opportunity to set forth his *prima facie* case and to counter his employer's articulated non-discriminatory reason for his termination.

## III.

This court reviews a grant of summary judgment *de novo*, and will affirm if the undisputed facts establish that the movant was entitled to judgment as a matter of law. *Miller v. AT&T Corp.*, 250 F.3d 820 (4th Cir. 2001). A "district court should only grant a motion for summary judgment where there is no genuine dispute as to an issue of material fact, and the moving party is entitled to summary judgment as a matter of law." *Nguyen v. CNA Corp.*, 44 F.3d 234, 236-37 (4th Cir. 1995). Disputed evidence is reviewed in the light most favorable to the non-movant. *Mentavlos v. Anderson*, 249 F.3d 301 (4th Cir. 2001).

Moreover, this court reviews a district court's denial of leave to amend the complaint under an abuse of discretion standard. Leave to amend may be properly denied where amendment would be futile. *GE*

---

[3]Washington Gas argues strenuously that it did not discriminatorily select Mosher for termination; however, absent discovery giving Mosher a full opportunity to examine the documents Washington Gas utilizes in support of its argument and to depose its witnesses, we cannot ascertain whether the appellee's statements are supported by the evidence in this case.

*Inv. Private Placement Partners II v. Parker*, 247 F.3d 543 (4th Cir. 2001). *See also Quillen v. International Playtex, Inc.*, 789 F.2d 1041, 1043 (4th Cir. 1986).[4]

IV.

In an analogous case, we recently affirmed a district court's finding that an employer did not violate the ADEA by requiring an employee to choose between special retirement benefits and severance benefits, but we reversed the district court's dismissal of the ADEA claim, finding that "at this stage the evidence in the record is ambiguous or is inadequately developed to resolve this ADEA claim." *Stokes v. Westinghouse Savannah River Co.*, 206 F.3d 420, 430 (4th Cir. 2000).

Stokes worked for Westinghouse Electric for 22 years, until 1989, when he was transferred to work for Westinghouse Savannah River Co. ["Westinghouse"]. In 1996, the company laid off Stokes following a corporate reorganization driven by economic concerns. At the time of the downsizing, Stokes was eligible both for a lump sum severance payment and also an actuarially reduced pension. Given Stokes' age and his years of service, Westinghouse gave him the option to receive his pension benefits immediately, thus enhancing the value of his full pension. In exchange, the company sought to reduce the amount of its severance payment by the amount remitted for the cost of the special retirement option.

Stokes contended that he should have received both the special retirement option and the severance pay. Both the district court and this court rejected that claim because Stokes was not forced to choose between severance pay and retirement. Rather, the increased pension amount was a special option offered only to employees of a certain age and length of service. Stokes could have refused it in favor of the same severance package offered to all of the other laid off workers.

Likewise, we rejected Stokes' allegation that he was selected for layoff because of his age in violation of the ADEA. Articulating how

---

[4]The district court here did not deny plaintiff leave to file an amended complaint. Plaintiff simply never had the opportunity to file such a motion.

a plaintiff proves a *prima facie* case of age discrimination in the context of a reduction-in-force where performance is alleged to be the basis for the selection (as in the case *sub judice*), we explained that the plaintiff-employee is required to show that:

(1) he was protected by the ADEA;

(2) he was selected for discharge from a larger group of candidates;

(3) he was performing at a level substantially equivalent to the lowest level of those of the group retained; and

(4) the process of selection produced a residual work force including some persons in the group who were substantially younger than he and who were performing at a level lower than that at which he was performing.

*Id.* at 430 (citing *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308 (1996), and *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310 (4th Cir. 1993)). Finding that Stokes had established a *prima facie* case, but that the district court awarded summary judgment to Westinghouse without the opportunity to make detailed findings in support of its rulings, we remanded that case for further consideration.

V.

In its summary judgment motion, Washington Gas notes several undisputed facts. At age 51, Mosher is over the age of forty and was one of seven Section Leaders in his Department, out of a total of sixteen, selected to be laid off for economic reasons. His final performance appraisal prior to being terminated, in which Washington Gas deemed that he "exceeds requirements," compared favorably to the evaluations received by the other Section Leaders. Furthermore, one of the retained Section Leaders was 24 years old and a recent hire. Of the nine Section Leaders retained, Mosher had more seniority than seven of them.

Mosher, however, contests certain other purported "undisputed facts". He contends, for instance, that a material factual dispute exists

as to whether he was laid off in January 2000 or whether he "retired" effective June 1, 2000. There also is a material factual dispute regarding whether Mosher was qualified to receive a full, unreduced pension as of January 2000. The parties also disagree about whether the ADEA applies to Mosher's pension benefits. Moreover, Mosher argues that he neither received enhanced pension benefits, nor was entitled to receive an unreduced pension immediately upon his termination.

Given that all inferences are to be construed in the light most favorable to Mosher, we conclude that he has succeeded in making out a *prima facie* ADEA case. That said, Mosher was not afforded any opportunity to conduct discovery concerning the criteria and selection processes used by Washington Gas in determining those Section Leaders to be retained and those to be laid off. More significantly, he did not receive responses to his initial discovery requests until after he had filed his response to Washington Gas' dispositive motion. Furthermore, the district court dismissed the case before he could schedule depositions, conduct additional discovery, or point out the impact on his case of Washington Gas' responses to discovery.

In light of the fact that he was laid off despite having a recent strong performance evaluation, Mosher is entitled to explore whether or not the selection process was discriminatory. He may be able to demonstrate that the selection criteria were skewed so as to have a disparate impact on older workers (*i.e.*, by requiring employees to be technically savvy or giving additional weight to education). Mosher, however, was afforded no opportunity to explore these issues, and is entitled to a reasonable period of time within which to conduct such discovery before the district court rules as a matter of law on the merits of his case.

## VI.

We also agree with Mosher that the district court prematurely dismissed his case on the basis that his employer articulated a legitimate, non-discriminatory reason for the termination. The district court's conclusion that "there is no evidence in the record to suggest that the employer's proffered reason was pretextual" ignores the fact that the reason the record contains insufficient evidence is because Mosher

was not afforded the opportunity to engage in meaningful, substantive discovery.

In *Stokes*, we reiterated the three-step proof scheme established in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973), for proving a discrimination claim:

> That scheme requires that he establish, by a preponderance of the evidence, a *prima facie* case of discrimination. Once he establishes a *prima facie* case, the burden shifts to [the employer] to rebut the presumption of discrimination by producing evidence that the employment action was taken for a legitimate nondiscriminatory reason. Finally, if [the employer] meets its burden of production, the presumption drops from the case and [the plaintiff] then bears the burden of proving that he has been the victim of intentional discrimination.

206 F.3d at 429 (internal citations and quotations omitted). The district court has not allowed Mosher to move forward with the third step — to bear his burden in proving that he was the victim of intentional discrimination. This failure violates Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that

> [i]f, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and *all parties shall be given a reasonable opportunity to present all material made pertinent to such a motion by Rule 56*." (emphasis added).

Because the district court entered judgment before Mosher had a reasonable opportunity to present all material pertinent to Washington Gas' dispositive motion, further proceedings below are warranted.[5]

---

[5]By our decision to remand for further consideration, we take no position on the ultimate merits of the case.

For these reasons, the judgment of the district court is

*REVERSED AND REMANDED.*