NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 11-3852

———

DR. LAWRENCE ROBINSON,

Appellant

v.

CITY OF PHILADELPHIA, DR. DONALD SCHWARTZ;
KARLA HILL; ALBERT D. D'ATILLIO; JOHN DOE 1; JANE DOE 1

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No. 10-cv-1277)
District Court Judge: Honorable Berle M. Schiller

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 11, 2012

Before: RENDELL, GARTH and BARRY, *Circuit Judges*.

(Filed: July 13, 2012 )

———

OPINION OF THE COURT
———

GARTH, *Circuit Judge*.

Dr. Lawrence Robinson, an African-American, was laid off from a position with

the Philadelphia Department of Public Health. Following the end of his employment, he

filed suit, claiming that the decision to lay him off was motivated by several

impermissible factors. The District Court granted summary judgment to the defendants on two of Dr. Robinson's claims: the age discrimination claim and the due process claim. A jury decided the balance of the claims in favor of the defendants. He now challenges the District Court's grant of partial summary judgment. For the reasons that follow, we will affirm the judgment of the District Court.

I.

We write principally for the benefit of the parties and recite only the facts essential to our disposition.

In 1992, Dr. Robinson became the Deputy Health Commissioner for Health Promotion in Philadelphia's Department of Public Health ("DPH"), a position immediately supervised by the Commissioner of DPH. Dr. Robinson is a graduate of Harvard College, the University of Pennsylvania Medical School, and the Johns Hopkins University School of Public Health. During his time as Deputy Health Commissioner, Dr. Robinson had a broad range of responsibilities and received several professional awards. As of 2009, he was fifty-three years old, and earned approximately $123,000 annually.

On January 22, 2008, Dr. Donald Schwarz became the new Commissioner of DPH. On September 14, 2008, pursuant to instructions from the Mayor of Philadelphia, Dr. Schwarz announced budget cuts for the departments under his direction. On September 17, 2008, a hiring freeze was announced which encompassed DPH positions. On September 19, 2008, Dr. Schwarz sought permission to hire a new employee in spite

2

of the hiring freeze, commenting that he had been "courting a particular younger doc" for a new position, named Director of Policy and Planning. Dr. Schwarz then, on September 26, hired the younger doctor, Dr. Giridhar Mallya, a graduate of Brown University, Brown Medical School, and the holder of a Master in Science of Health Policy from the University of Pennsylvania. At the time that Dr. Mallya began his employment with DPH, he was thirty-one years old.

On December 5, 2008, Dr. Schwarz informed Dr. Robinson that he would be laid off on January 16, 2009. Dr. Robinson appealed the layoff to the Philadelphia Civil Service Commission, but no decision was issued before January 16. Because Dr. Robinson would lose certain benefits following a layoff, Dr. Robinson instead sought early retirement on January 15, 2009.

On March 11, the Philadelphia Civil Service Commission dismissed Dr. Robinson's appeal as moot. Dr. Robinson appealed that decision to the Court of Common Pleas. He also filed complaints with both the Pennsylvania Human Rights Commission and the U.S. Equal Employment Opportunity Commission. Finally, Dr. Robinson filed a complaint against the city of Philadelphia; Dr. Schwarz; Karla Hill, the head of DPH's human resources; and Albert D'Attilio, personnel director for Philadelphia, alleging violation of employment discrimination statutes and the United States Constitution in the Court of Common Pleas.

On August 31, 2009, Dr. Robinson moved to consolidate his two state court actions—his appeal from the Philadelphia Civil Service Commission and his independent

complaint. Dr. Robinson thereafter filed a consolidated complaint. The case was subsequently removed to the Eastern District of Pennsylvania, whereupon Dr. Robinson filed an amended complaint alleging violation of his rights under Civil Service law, state and federal claims of race and age discrimination, and a due process claim. The District Court remanded the Civil Service claims to the Court of Common Pleas.

On motion for summary judgment, the District Court granted summary judgment to the defendants on the age discrimination claim and due process claim on August 17, 2011. Dr. Robinson filed a motion for reconsideration on the age discrimination claim, which was denied on September 8, 2011. The race discrimination claim was tried to a jury from October 3 to October 6, 2011. The jury found that Dr. Robinson had failed to prove by a preponderance of the evidence that race had been a determinative factor in Philadelphia's employment decisions, and returned a verdict for the defendants. Dr. Robinson timely appealed only the partial summary judgment on the age discrimination and due process claims.

## II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1441. This court has jurisdiction pursuant to 28 U.S.C. § 1291.

This court exercises plenary review over an appeal from a grant of summary judgment. Smith v. City of Allentown, 589 F.3d 684, 689 (3d Cir. 2009). We must apply the same standard the District Court is required to apply: whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact" and whether, therefore, "the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In the summary judgment context, we must view the facts in the light most favorable to the non-moving party, in this case Dr. Robinson, and must draw all reasonable inferences in his favor. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

### III.

Dr. Robinson raises three claims on appeal: 1) that the District Court erroneously entered summary judgment when genuine issues of material fact existed; 2) that the District Court applied an improper legal standard in considering his age discrimination claim; and 3) that the District Court erred in granting summary judgment on his due process claim. We are unpersuaded by these claims.

### A.

To establish a *prima facie* case of age discrimination, Dr. Robinson must show: 1) that he is a member of a protected class; 2) that he was qualified to continue in this existing job; 3) that the defendants took adverse employment actions against him; and 4) that the evidence supports an inference that he was discriminated against on the basis of his age. Sarullo v. U.S. Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003). The defendants concede that Dr. Robinson has established the first three prongs.

Dr. Robinson claims that he presented sufficient evidence to create a genuine issue of material fact as to whether he was discriminated against on the basis of his age.

5

Specifically, Dr. Robinson claims that his evidence that the younger Dr. Mallya was retained in a position substantially identical to Dr. Robinson's supports such an inference.

In order for Dr. Robinson to raise an inference of discrimination, he and Dr. Mallya must be similarly situated. "In order to determine who might qualify as a similarly situated employee we must look to the job function, level of supervisory responsibility and salary, as well as other factors relevant to the particular workplace." Monaco v. Am. Gen. Assurance Co., 359 F.3d 296, 305 (3d Cir. 2004). Dr. Robinson claims that his own job description was substantially identical to the job performed by Dr. Mallya, but the record does not support such a claim. To the contrary, Dr. Robinson spent more than half of his working time performing disability determinations on City employees and conducting drug and alcohol testing. During the balance of his working time, he spoke at health events, distributed health information, worked with health task forces, and testified before the City Council.

In contrast, Dr. Mallya was hired to reform DPH's approach to policy and to incorporate a greater use of data in DPH operations. Although there was no formal job description for Dr. Mallya's position, his responsibilities consisted of manipulating data for public health analysis, interpreting data on health systems, generating such data, and expressing public health concerns in the context of grant proposals and public health assessments.

Dr. Robinson claims that there is no indication he would have been unable to perform these duties. Such a claim has no bearing on the legitimacy of Dr. Schwarz's

6

decision to hire Dr. Mallya to perform these particular duties, which constitute a wholly different position from the one previously held by Dr. Robinson. Because the two doctors were not similarly situated in all relevant respects, including in job function, <u>see id.</u>, we conclude that Dr. Robinson could not have established an inference of discrimination based on age, and thus, could not have established a *prima facie* case.[1]

## B.

Dr. Robinson next claims that the District Court erroneously required him to establish that age discrimination was the "sole cause" for the adverse employment action

---

[1] Dr. Robinson also raises claims concerning other employees of DPH. These are even less persuasive than his argument pertaining to Dr. Mallya. Dr. Robinson claims that one Dr. Dean was treated preferably to Robinson, and claims that this treatment was the result of age discrimination. Dr. Dean was forty-six years old at the time, and "age differences of less than ten years are not significant enough to make out the fourth part of the age discrimination" *prima facie* case. <u>Grosjean v. First Energy Corp.</u>, 349 F.3d 332, 338 (6th Cir. 2003). <u>See</u> <u>also</u> <u>Narin v. Lower Merion Sch. Dist.</u>, 206 F.3d 323, 333 n.9 (3d Cir. 2000) (holding that where the plaintiff was 56 and another job applicant was 49, the other applicant's age did "not differ materially from [plaintiff's]," meaning that "we cannot conclude that [defendant] ultimately filled the . . . positions with someone sufficiently younger to permit an inference of discrimination").

Dr. Robinson also claims that three other older African-Americans in managerial positions were laid off, which he contends is evidence of discriminatory animus. There is, however, no evidence in the record that those decisions were motivated by any impermissible animus. Furthermore, none of the three individuals to whom Dr. Robinson refers were actually laid off by Dr. Schwarz. The first, Dr. Beckwith, was not laid off by Dr. Schwarz, but was laid off after being transferred to a different department, where she was no longer under Dr. Schwarz's supervision. The second, Dr. Hodge, suffered the adverse employment action to which Dr. Robinson refers *before* Dr. Schwarz arrived at DPH. The third, Dr. Hayes, was never actually laid off—he received a layoff notice along with his entire unit, but those layoffs were later rescinded.

7

against him. Dr. Robinson's claim is based on the District Court's mention of the "sole cause" standard in its opinion granting partial summary judgment.

We do not require that age discrimination be the sole cause for an adverse employment decision to prevail on an age discrimination claim, see Miller v. Cigna Corp., 47 F.3d 586, 588 (3d Cir. 1995), and it is reversible error for a District Court to so rule. In this case, however, the District Court's opinion makes clear that it did not apply the "sole cause" standard, but that it rather referred to that standard once in the course of applying the proper "but-for cause" standard. The District Court observed that "the evidence is insufficient for a jury to conclude that age was the sole reason for Dr. Robinson's termination," but did so in the context of discussing the complete lack of any evidence of age discrimination, and immediately after stating that Robinson had "not shown that age was a 'but-for' cause of his termination." More importantly, however, the District Court undertook and explained the analysis required by McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) in its opinion. Dr. Robinson concedes that this inquiry and analysis are proper in this case, but claims that the mere mention of "sole cause" makes their application irrelevant. We cannot agree.

Furthermore, on reconsideration, the District Court made explicit that Robinson's claim failed under a "but-for cause" standard. Even if Dr. Robinson were correct that the District Court had applied an improper standard in granting partial summary judgment, any impropriety would have been cured on that reconsideration.

C.

Finally, Dr. Robinson claims that federal due process entitled him to a hearing before the Civil Services Commission when he appealed his layoff. The Due Process clause requires an opportunity to be heard, but "[t]here is no inexorable requirement that oral testimony must be heard in every administrative proceeding in which it is tendered." Biliski v. Red Clay Consol. Sch. Dist. Bd. of Educ., 574 F.3d 214, 223 (3d Cir. 2009) (citation and internal quotations omitted). Dr. Robinson had an opportunity to make his claims to the Civil Service Commission, and did so when he filed his appeal to that body.

Furthermore, Dr. Robinson, in addition to raising his federal due process challenge in the District Court, directly appealed the Civil Service Commission's decision to the Court of Common Pleas, and following that court's rejection of his claims, he is now seeking review by the Pennsylvania Commonwealth Court. Those means of appeal are guaranteed by Pennsylvania Agency Rules, and give Dr. Robinson an opportunity to be heard and the opportunity to have any errors corrected. Their availability is sufficient process to protect Dr. Robinson's rights. See McDaniels v. Flick, 59 F.3d 446, 461 (3d Cir. 1995) (Local Agency Law guarantee of appeal is sufficient process to protect rights in a wrongful termination action).

IV.

We will affirm the District Court's August 17, 2011 partial grant of summary judgment and September 8, 2011 order denying the motion for reconsideration.

9