*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0404P (6th Cir.)
File Name: 03a0404p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

WILLIAM GROSJEAN,
  *Plaintiff-Appellant,*

  *v.*

FIRST ENERGY CORPORATION;
TOLEDO EDISON ENERGY,
  *Defendants-Appellees.*

No. 02-3361

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 01-07213—James G. Carr, District Judge.

Argued: August 7, 2003

Decided and Filed: November 13, 2003

Before: BOGGS, Chief Judge; SILER, Circuit Judge; and
RICE, District Judge.*

_____

* The Honorable Walter Herbert Rice, United States District Judge for
the Southern District of Ohio, sitting by designation.

_____

### COUNSEL

**ARGUED:** John D. Franklin, LAW OFFICES OF JOHN D.
FRANKLIN & ASSOCIATES, Toledo, Ohio, for Appellant.
Denise M. Hasbrook, ROETZEL & ANDRESS, Toledo,
Ohio, for Appellees. **ON BRIEF:** John D. Franklin, LAW
OFFICES OF JOHN D. FRANKLIN & ASSOCIATES,
Toledo, Ohio, for Appellant. Denise M. Hasbrook,
ROETZEL & ANDRESS, Toledo, Ohio, for Appellees.

_____

### OPINION

_____

  BOGGS, Chief Judge. William Grosjean appeals the
district court's summary judgment for his employers, First
Energy Corporation and its Toledo subsidiary, Toledo Edison
Energy, (collectively "First Energy"), in his age
discrimination action against them. Grosjean had lost his
supervisory title and duties after his superior had rated him as
inadequate in dealing with his subordinates. The district court
granted summary judgment because Grosjean failed to
demonstrate that First Energy's proffered reason for the
demotion, the unfavorable rating, was a mere pretext. We
affirm on the alternative basis that Grosjean failed to make his
prima facie case of age discrimination because he was not
replaced by a person significantly younger than himself.

### I

  First Energy hired Grosjean in 1970 as a plant helper, a
unionized position. Over the following two decades he was
steadily promoted until in 1990 he joined management as a
machine shop supervisor at First Energy's Bayshore, Ohio,
power plant. In 1997, he was reassigned to a position as yard
supervisor. His new responsibilities included scheduling the

large coal trains that fed the power plant, supervising the fourteen workers who unloaded the trains, and disposing of the ash generated. Grosjean was instructed in these duties by John Gallagher, an experienced yard supervisor. After six months of training, Gallagher and Grosjean divided the shifts between them. Both Gallagher and Grosjean worked weekdays and would split weekend shifts. Their supervisor during the relevant period was the director of production, Kenneth Dresner.

During 1998, there appear to have been no significant problems with Grosjean's performance. However, during 1999, Dresner and Grosjean had a series of meetings to discuss what Dresner felt were inadequacies in management style. The common element of these complaints was that Dresner considered Grosjean to be neither sufficiently strict with the workers under his supervision nor loyal to Dresner. In Dresner's view, these meetings did not result in an appreciable improvement in the problem areas. On March 2, 2000, Grosjean met with Dresner to discuss his performance rating report for 1999, authored by Dresner. This report, while praising Grosjean's technical competence, was damning with respect to his management role. On this basis, Dresner recommended a performance rating of "does not meet expectations." As a result of this rating, Grosjean was reassigned from his supervisory position to a newly-created position of planner. As a planner, he would continue to schedule trains and receive the same salary and benefits, but he would no longer have supervisory responsibility for any other employees. Grosjean's supervisory duties were returned to Gallagher on a temporary basis. As a consequence Gallagher worked more than a thousand hours overtime during the remaining ten months of the year. Eventually, the position was filed by Richard Riley. At the time of Dresner's unfavorable performance rating, Grosjean was 54 years old, Dresner was 41 years old, Gallagher was 48 years old, and Riley was 51 years old.

On May 2, 2001, Grosjean filed a complaint against First Energy in the United States District Court for the Northern District of Ohio. In it he claimed that First Energy had discriminated against him on the basis of his age, in violation of the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and the Ohio anti-discrimination statute, Ohio Rev. Code § 4112.02. In particular, Grosjean alleged that First Energy had demoted him from his supervisory position, that he had been denied a bonus for the year 1999, and that he had been denied a promotion back to his old position. On February 22, 2002, the district court granted summary judgment to First Energy on the basis that Grosjean had presented insufficient evidence that First Energy's stated legitimate, non-discriminatory reason for its actions, the unfavorable performance report, was pretextual. Before this court now is Grosjean's timely appeal of that grant.

## II

Age discrimination cases under the ADEA are analyzed under the same framework as employment discrimination cases under Title VII. *Policastro v. Northwest Airlines, Inc.*, 297 F.3d 535, 538 (6th Cir. 2002) (citing *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992)). Proof in such cases proceeds in three stages. *Kline v. Tenn. Valley Auth.*, 128 F.3d 337, 342 (6th Cir. 1997) (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981), and *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). First, "[i]n order to prove a prima facie case of discrimination, a plaintiff must show 1) that he is a member of a protected group, 2) that he was subject to an adverse employment decision, 3) that he was qualified for the position, and 4) that he was replaced by a person outside of the protected class." *Kline*, 128 F.3d at 349 (citing *Talley v. Bravo Pitino Restaurant*, 61 F.3d 1241, 1246 (6th Cir. 1995)). In age discrimination cases, the protected class includes all workers at least 40 years old and the fourth element is modified to require replacement not by a person outside the

protected class, but merely replacement by a significantly younger person. *Kline*, 128 F.3d at 352-53; *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 311-13 (1996). Second, "[i]f the plaintiff establishes [a] prima facie case, the burden then shifts to the defendant to 'articulate some legitimate, nondiscriminatory reason for the employee's rejection.'" *Kline*, 128 F.3d at 342 (quoting *Burdine*, 450 U.S. at 252-53). Third, after the defendant has met this burden, "the plaintiff must produce sufficient evidence from which the jury may reasonably reject the employer's explanation." *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1083 (6th Cir. 1994). In some cases, plaintiff's evidence establishing the prima facie case can also be sufficient to meet one or more of the elements necessary to rebut the defendant's proffered non-discriminatory reasons. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 149 (2000).

We conclude that Grosjean was not replaced by a significantly younger person. He therefore failed to make his prima facie case and we need not address the legitimate-reason and pretext parts of the *McDonnell* analysis, the bases on which the district court decided the issue.

Grosjean argues that he was initially replaced by Gallagher, who temporarily took over his duties in addition to his own. However, Gallagher's assumption of Grosjean's duties does not constitute replacement under the law of this circuit. A "person is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work. A person is replaced only when another employee is hired or reassigned to perform the plaintiff's duties." *Barnes v. GenCorp Inc.*, 896 F.2d 1457, 1465 (6th Cir. 1990) (citing *Sahadi v. Reynolds Chem.*, 636 F.2d 1116, 1117 (6th Cir. 1980)); *see also Lilley v. BTM Corp.*, 958 F.2d 746, 752 (6th Cir. 1992) ("Spreading the former duties of a terminated employee among the remaining employees does not constitute

replacement."); *Godfredson v. Hess & Clark*, 173 F.3d 365, 372-73 (6th Cir. 1999) (reaffirming *Barnes*, 896 F.2d at 1465).

Grosjean was replaced, in both the colloquial and the legal meanings of that term, by Riley. That Riley was as much part of the protected class of workers over 40 as Grosjean does not preclude the making of a prima facie case.

> The fact that one person in the protected class has lost out to another person in the protected class is . . . irrelevant, so long as he has lost out because of his age. Or to put the point more concretely, there can be no greater inference of age discrimination . . . when a 40-year-old is replaced by a 39-year-old than when a 56-year-old is replaced by a 40-year- old.

*O'Connor*, 517 U.S. at 312. However, "the prima facie case requires evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion." *Ibid.* This "inference cannot be drawn from the replacement of one worker with another worker insignificantly younger." *Id.* at 313.[1] Therefore, the question reduces to whether Riley, at age 51, was significantly younger than Grosjean, at age 54.[2]

Age differences of ten or more years have generally been held to be sufficiently substantial to meet the requirement of

---

[1] *O'Connor* clarifies the fourth part of a prima facie age discrimination case; it does not eliminate it. The decision of a district court within this circuit to the contrary is not correct. *Ligon v. Triangle Pac. Corp.*, 935 F. Supp. 936, 941 (M.D. Tenn. 1996).

[2] In addition, here Gallagher was the obvious temporary replacement, as he had been doing exactly the same job as Grosjean. Thus our focus is on the 3-year age difference with Riley in determining this issue, though we also note that even the difference with Gallagher was only 6 years.

the fourth part of age discrimination prima facie case. *See, e.g.*, *Balut v. Loral Elec. Sys.*, 166 F.3d 1199, 1998 WL 887194, at *1 (2d Cir. 1998) (table) (replacement of 57-year old with 47-year old was sufficient); *Sempier v. Johnson & Higgins*, 45 F.3d 724, 729-30 (3d Cir. 1995) (replacement of employee with two others, one "well over ten years younger," sufficient); *Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 199 & n.3 (2d Cir. 1999) (transfer of duties from 58-year old to two other employees, one 11 years and one 8 months younger, sufficient); *O'Connor v. DePaul Univ.*, 123 F.3d 665, 669-70 & n.2 (7th Cir. 1997) (replacement of 43-year old by 32-year old sufficient); *Barnett v. Dep't of Veterans Affairs*, 153 F.3d 338, 341 (6th Cir. 1998) (replacement of 51-year old by employee "around 40" sufficient); *EEOC v. Bd. of Regents of Univ. of Wisc. Sys.*, 288 F.3d 296, 303 (7th Cir. 2002) (termination of 47-year old while retaining "woman in her twenties or thirties" sufficient; so was termination of 54-year old while retaining 23-year old); *Rhymer v. Yokohama Tire Corp.*, 106 F.3d 391, 1997 WL 14143, at *3 (4th Cir. 1997) (replacement of a 54-year old by a 41-year old sufficient); *Brennan v. Metropolitan Opera Ass'n*, 192 F.3d 310, 317 (2d Cir. 1999) (stating that replacement of a 47-year old by a 33-year old "may well have met" the "de minimis burden of establishing a prima facie case of age discrimination"); *Mroz v. Elec. Data Sys. Corp.*, 124 F.3d 198, 1997 WL 468331, at *4 (6th Cir. 1997) (table) (31- and 33-year-old workers significantly younger than 47-year old plaintiff); *Keathley v. Ameritech Corp.*, 187 F.3d 915, 923-24 (8th Cir. 1999) (replacement of salespersons over 45 by those under 35 created reasonable inference of age discrimination); *Cheng v. MINACT*, 103 F.3d 128, 1996 WL 724372, at *5 n.2 (6th Cir. 1996) (table) (age disparity between 60-year old teacher and teacher in mid-40s sufficient); *Bush v. Dictaphone Corp.*, 161 F.3d 363, 368 (6th Cir. 1998) (replacement of 47-year old by 32-year old sufficient); *Simpson v. Kay Jewelers*, 142 F.3d 639, 649 (3d Cir. 1998) (Pollak, J., concurring that replacement of 57-year old by 42-year old sufficient); *Miller v. Borden*, 168 F.3d 308, 314 (7th Cir. 1999) (replacement of man "approaching 60"

with two others in their 40s sufficient); *Bunch v. Board of Educ.*, 201 F.3d 440, 1999 WL 1206875, at *2 (6th Cir. 1999) (table) (passing over of 53-year old for promotion eight times, six times for persons under age 40, sufficient); *Tichenor v. Sec'y of Army*, 181 F.3d 104, 1999 WL 357813, at *2 (6th Cir. 1999) (table) (promotion of 38-year old over 53-year old sufficient); *Pope v. City of Cleveland*, 22 Fed. Appx. 474, 475, 2001 WL 1355597, at *1 (6th Cir. 2001) (table) (promotion of 38-year old over 54-year old sufficient); *Showalter v. Univ. of Pittsburgh Med. Ctr.*, 190 F.3d 231, 236 (3d Cir. 1999) (discharge of plaintiff while retaining employees 8 and 16 years younger sufficient); *Baron v. City of Highland Park*, 195 F.3d 333, 340 (7th Cir. 1999) (denial of promotion to 47-year old while promoting 30-year old and 31-year old sufficient); *Isenbergh v. Knight-Ridder Newspaper Sales*, 97 F.3d 436, 440 & n.1 (11th Cir. 1996) (promotion of 44-year old over 60-year old sufficient); *Weigel v. Baptist Hosp.*, 302 F.3d 367, 375 (6th Cir. 2002) (44-year old substantially younger than 60-year old); *O'Connor*, 517 U.S. at 312 (implying that difference between 56-year old and 40-year old is substantial); *Roxas v. Presentation Coll.*, 90 F.3d 310, 316 (8th Cir. 1996) (denial of application for sabbatical to 54-year old while approval of same to 37-year old sufficient); *Carlton v. Mystic Transp.*, 202 F.3d 129, 135 (2d Cir. 2000) (replacement of terminated employee with employees 18 and 25 years younger sufficient); *Ridley v. Lucent Techs.*, 22 Fed. Appx. 571, 2001 WL 1563636, at *1 (6th Cir. 2001) (hiring of 31-year old over 49-year old sufficient); *Fester v. Farmer Bros. Co.*, 2002 WL 31323499, at *5 (10th Cir. 2002) (table) (attempted replacement of 58-year old by man in late 30s sufficient); *Abrams v. Millikin & Fitton Law Firm*, 267 F. Supp. 2d 868, 875 (S.D. Ohio 2003) (replacement of legal assistant of unspecified age, but 39 years of tenure at defendant, by 38-year old sufficient); *Banks v. Travelers Cos.*, 180 F.3d 358, 367 (2d Cir. 1999) (replacement of 49-year old with 27-year old sufficient); *Staton v. Husky Computers*, 176 F.3d 484, 1998 WL 808019, at *2 (9th Cir. 1998) (table) (replacement of 55-year old with 33-year old sufficient); *Byrnie v. Town of Cromwell, Bd. of*

*Educ.*, 243 F.3d 93, 102 (2d Cir. 2001) (hiring of 42-year old over 64-year old sufficient); *Koster v. Trans World Airlines*, 181 F.3d 24, 32 (1st Cir. 1999) (retained 25-year old manager "substantially younger" than furloughed 49-year old manager); *Fisher v. Wayne Dalton Corp.*, 139 F.3d 1137, 1141 (7th Cir. 1998) (passing over 63-year old for 39-year old sufficient); *Wexler v. White's Furniture*, 317 F.3d 564, 592 (6th Cir. 2003) (en banc) (Krupansky, J., agreeing in dissent that replacement of 59-year old by man in his early 30s sufficient); *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 917 (9th Cir. 1996) (replacement of 54-year old by 25-year old sufficient); *Krieg v. Kimball Intern.*, 33 F.3d 56, 1994 WL 459561, at *3 (7th Cir. 1994) (table) (55-year old substantially older than man 30 years his junior).

The overwhelming body of cases in most circuits has held that age differences of less than ten years are not significant enough to make out the fourth part of the age discrimination prima facie case. *See, e.g., Girten v. McRentals*, 337 F.3d 979, 981 (8th Cir. 2003) (stating that replacement of 63-year old by 54-year old may be insufficient); *Radue v. Kimberly-Clark Corp.*, 219 F.3d 612, 619 (7th Cir. 2000) (termination of 53-year old while retaining 46-year old and 44-year old, without more, insufficient); *Lesch v. Crown Cork & Seal Co.*, 282 F.3d 467, 472 (7th Cir. 2002) (replacement of 62-year old accountant by 53-year old insufficient); *Dunaway v. Int'l Bhd. of Teamsters*, 310 F.3d 758, 767 (D.C. Cir. 2002) (replacement of employee by other 7 years younger insufficient without more); *Richter v. Hook-SupeRx*, 142 F.3d 1024, 1029 (7th Cir. 1998) (replacement of 52-year old by 45-year old insufficient); *Black v. Columbus Pub. Sch.*, 124 F. Supp. 2d 550, 574-75 (S.D. Ohio 2000) (replacement of 52-year old by 45-year old insufficient); *Hartley v. Wisc. Bell*, 124 F.3d 887, 892 (7th Cir. 1997) (age difference of 6 or 7 years presumptively insufficient); *Woodsmall v. Eclipse Mfg. Co.*, 249 F. Supp. 2d 918, 923-24 (E.D. Tenn. 2002) (implying that replacement of 59-year old with 53-year old insufficient); *Wassel v. Mutual Life Ins. Co.*, 164 F.3d 633, 1998 WL 700537, at *1 (9th Cir. 1998) (table) (replacement

by person 6 years younger insufficient); *Kalagian v. Carwein*, 57 F.3d 1077. 1995 WL 323801, at *1 (9th Cir. 1995) (table) (replacement of 50-year old with two 44-year olds insufficient); *Mroz*, at *4 (6th Cir. 1997) (table) (41-year-old worker not significantly younger than 47-year-old plaintiff); *Cramer v. Intelidata Techs. Corp.*, 168 F.3d 481, 1998 WL 911735, at *3 (4th Cir. 1998) (table) (replacement of employee with person 5 years younger insufficient); *Wellman v. Wheeling & Lake Erie Ry. Co.*, 134 F.3d 373, 1998 WL 25005, at *4 (6th Cir. 1998) (table) (replacement of 46-year old with 41-year old insufficient); *Cianci v. Pettibone Corp.*, 152 F.3d 723, 728 (7th Cir. 1998) (replacement of 47-year old by 42-year old, even combined with supervisor's comment that plaintiff was "getting too old for the job," insufficient); *Schiltz v. Burlington N.R.R.*, 115 F.3d 1407, 1412 & n.6 (8th Cir. 1997) (where six positions that 48-year old plaintiff applied for were filled by persons aged 43, 46, 51, 55, 48, and 47 no prima facie age discrimination case exists); *Bush*, 161 F.3d at 368 (6th Cir. 1998) (replacement of 46-year old by 41-year old insufficient); *Steiner v. Envirosource*, 134 F. Supp. 2d 910, 917 (N.D. Ohio 2001) (termination of 62-year old while retaining 57-year old and 59-year old insufficient); *Brown v. EG & G Mound Applied Tech.*, 117 F. Supp. 2d 671, 677-78 (S.D. Ohio 2000) (replacement of 57-year old by 52-year old insufficient); *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 659 (7th Cir. 2001) (replacement of 57-year old with 52-year old insufficient); *Scott v. Parkview Memorial Hosp.*, 175 F.3d 523, 525 (7th Cir. 1999) (age difference between group aged 32 to 46 and group aged 42 to 48 not substantial); *Clevidence v. Wayne Savings Cmty. Bank*, 143 F. Supp. 2d 901, 907-08 (N.D. Ohio 2001) (replacement of 46-year old by 43-year old insufficient); *Hoffmann v. Primedia Special Interest Publ'ns*, 217 F.3d 522, 525 (7th Cir. 2000) (replacement of 42-year old with 39-year old insufficient); *Williams v. Raytheon Co.*, 220 F.3d 16, 20 (1st Cir. 2000) ("three year age difference is too insignificant to support a prima facie case of age discrimination"); *O'Connor*, 517 U.S. at 312-13 (implying that difference between 68-year old and 65-year old is not substantial); *Munoz v. St.*

*Mary-Corwin Hosp.*, 221 F.3d 1160, 1166 (10th Cir. 2000) (holding "that because plaintiff's replacement was only two years his junior–an obviously insignificant difference–the necessary inference of discrimination was precluded, and he failed to establish his prima facie case"); *Hillman v. Safeco Ins. Co. of Am.*, 190 F. Supp. 2d 1029, 1038 (N.D. Ohio 2002) (replacement of 54-year old by 54-year old insufficient); *Lovas v. Huntington Nat. Bank*, 215 F.3d 1326, 2000 WL 712355, at *3 (6th Cir. 2000) (table) (demotion and termination of 48-year old officer where older officers were retained insufficient).

One of our sister circuits made use of this apparent bifurcation of the case law to adopt a bright-line rule for prima facie age discrimination cases. *Hartley v. Wisc. Bell*, 124 F.3d 887 (7th Cir. 1997). The Seventh Circuit "considers a ten-year difference in ages (between the plaintiff and her replacement) to be presumptively 'substantial' under *O'Connor*." *Id.* at 893. "[A]ny age disparity less than ten years is 'presumptively insubstantial.'" *Kariotis v. Navistar Int'l. Transp. Corp.*, 131 F.3d 672, 676 n.1 (7th Cir. 1997) (citing *Hartley*, 124 F.3d at 893). Hence, that circuit defines "substantially younger" as 10 years younger. *Ibid. Accord Balderston v. Fairbanks Morse Engine*, 328 F.3d 309, 322 (7th Cir. 2003); *EEOC v. Bd. of Regents of Univ. of Wisc. Sys.*, 288 F.3d 296, 302 (7th Cir. 2002). "In cases where the disparity is less, the plaintiff still may present a triable claim if she directs the court to evidence that her employer considered her age to be significant." *Hartley*, 124 F.3d at 893.

No other circuit, including this circuit, has previously adopted such a bright-line rule. *See Cicero v. Borg-Warner Auto.*, 280 F.3d 579, 588 (6th Cir. 2002). Nevertheless, only a handful of cases in a few categories have been decided contrary to the *Hartley* rule. Age differences of 8 or 9 years have been held to be sufficient. *See Cicero*, 280 F.3d at 588 (leaving the question of whether 43-year old was substantially younger than 51-year old to jury); *Tarshis v. Riese Org.*, 211

F.3d 30, 38 (2d Cir. 2000) (replacement of 67-year old with 59-year old sufficient); *Fisher v. Vassar Coll.*, 66 F.3d 379, 1995 WL 527804, at *29 (2d Cir.) (table) (48-year old and 44-year old professors were substantially younger than 53-year old), *republished as amended*, 70 F.3d 1420, 1450-51 (2d Cir. 1995) (same).

The Ninth Circuit has not settled on a standard for substantial age difference and its case law is accordingly inconsistent. *Compare Douglas v. Anderson*, 656 F.2d 528, 533 (9th Cir. 1981) (replacement by person 5 years younger sufficient), *and Estate of McGough v. Lockheed Martin*, 2001 WL 275007, at *3 & n.2 (9th Cir. 2001) (table) (implying that replacement of 48-year old by 41-year old sufficient) *with Wassel*, at *1 (holding replacement by person 6 years younger insufficient while citing *Douglas*), *and Kalagian*, at *1 (replacement of 50-year old with two 44-year olds insufficient).

The Eleventh Circuit set an early precedent allowing age discrimination cases to proceed with as small an age difference as three years and subsequent decisions have been bound by that precedent. *Carter v. City of Miami*, 870 F.2d 578, 583 (11th Cir. 1989) (replacement of 49-year old with 46-year old sufficient); *Carter v. DecisionOne Corp.*, 122 F.3d 997, 1003 (11th Cir. 1997) (replacement of 42-year old with 39-year old sufficient, citing *Carter v. City of Miami*); *Damon v. Fleming Supermarkets*, 196 F.3d 1354, 1359-60 (11th Cir. 1999) (replacement of 42-year old by 37-year old sufficient, citing *Carter v. City of Miami*).

Finally, the Second Circuit in an unpublished opinion found a one-year age difference to be sufficient, but based that conclusion on a supervisor's ageist comments. *Nembhard v. Memorial Sloan Kettering Cancer Ctr.*, 104 F.3d 353, 1996 WL 680756, at *3-4 (2d Cir. 1996) (table). *Nembhard* is consistent with *Hartley* because under *Hartley* smaller age differences may still present a triable claim where there is evidence that the employer considered age to be significant.

Given this array of authority, and our circuit's precedent, we hold that, in the absence of direct evidence that the employer considered age to be significant, an age difference of six years or less between an employee and a replacement is not significant. This rule will assist district courts in making a firm determination, yet does not encroach on our precedent holding that eight years can be a significant age difference. The standard is also at least as lenient towards plaintiffs as all decisions of our sister circuits with the exception of the standard-less Ninth Circuit and the three-year-standard Eleventh Circuit.

As Grosjean was not more than six years older than Riley or Gallagher and he presents no direct evidence that First Energy considered age to be significant, his federal age discrimination claim fails. "Under Ohio law, the elements and burden of proof in a state age-discrimination claim parallel the ADEA analysis." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 357 (6th Cir. 1998) (citing *McLaurin v. Fischer*, 768 F.2d 98, 105 (6th Cir. 1985), and *Barker v. Scovill, Inc.*, 451 N.E.2d 807, 808 (Ohio 1983)). Therefore, as Grosjean's federal claim failed, so must his state law claim.

### III

For the foregoing reason, we **AFFIRM** the judgment of the district court.