HELENE N. WHITE, Circuit Judge,
dissenting.
Defendant acknowledged that Plaintiffs Serda and Sroka could establish prima fa-cie cases, PID 685-86, and disputed only the fourth prima facie prong as to Plaintiffs Lewis, McKissic and Suchoski. PID 685. To meet the fourth element of a prima facie case of age discrimination under Michigan’s Civil Rights Act (MCRA), these three Plaintiffs must present admissible evidence that Defendant took an adverse employment action against them under circumstances that give rise to an inference of unlawful discrimination. Hazle v. Ford Motor Co., 464 Mich. 456, 628 N.W.2d 515, 523 (2001); Lytle v. Malady, 458 Mich. 153, 579 N.W.2d 906, 914 (1998).
Lewis, McKissic, and Suchoski, who were demoted to Lieutenant, a non-command-level position, PID 65 n.33, 1174-75, presented the following circumstantial evidence of age discrimination. Chief Craig did not review any of their performance records, did not meet with them individually, and none were interviewed. Assistant Chief Eric Jones testified that he, Chief Craig, and Assistant Chief James White interviewed four applicants for the deputy chief position, but that he did not see a list of applicants or know who had applied. Jones acknowledged that there was weeding out prior to interviews but he did not know why or how the weeding out was done. Jones testified that three of the four *285 persons interviewed were promoted. PID 1169-70/Jones Dep. A reasonable jury could conclude from Jones’s testimony that older applicants for the Deputy Chief position were weeded out of the candidate pool very early in the process, i.e., before it was determined who would be interviewed. Regarding how Plaintiffs were weeded out, it is undisputed that consultant Wasserman spoke to each Plaintiff and that Craig relied on Wasserman in determining whom to promote. Plaintiffs testified that Was-serman’s conversations with them evinced concerns about age. And Wasserman’s notes, which were submitted to the district court, state regarding McKissic, “26.5 years on job,” regarding Lewis “24 years,” regarding Suchoski, “25 years,” and regarding Sroka, “older cantankerous guy” and “loafed in room.” PID 824, 825, 829, 830.
Plaintiffs also presented evidence that Chief Craig characterized several Plaintiffs as “retired in place.” Deputy Chief David LeValley testified that he heard Craig use that phrase during the restructuring and appointment process. PID 478. Craig’s post hoc explanation of what he meant by that phrase and Defendant’s explanations for Wasserman’s age-related questions and comments notwithstanding, Plaintiffs presented sufficient evidence that Craig demoted Plaintiffs under circumstances that give rise to an inference of unlawful discrimination. Hazle, 628 N.W.2d at 523.
Plaintiffs having established a prima fa-cie case of age discrimination under Michigan’s CRA, a presumption of discrimination arises and the burden shifts to Defendant to articulate a legitimate, nondiscriminatory reason for its adverse employment actions, demoting Plaintiffs. Id.[1] The overarching reason Defendant articulated for demoting Plaintiffs was that Chief Craig possessed the authority to restructure and appoint whomever he pleased under the CET, the Emergency Manager order, and the DPD’s restructuring plan, which called for positions to be eliminated and combined. PID 692/ Def.’s Supp. Br. in Support of Mo. for Summ. Disposition, PID 684,
This assertion of broad authority does not meet the requirement of Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 254-55, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981), that a defendant “rebut the presumption of discrimination by producing evidence that the plaintiff was rejected, or someone else was preferred, for a legitimate nondiscriminatory reason.”
Defendant articulated additional reasons for demoting Plaintiffs, pointing to Chief *286 Craig’s “testimony ,.. explaining how individuals were selected (e,g., through observations, conversations with rank and file, discussions with the consultants, interactions with various members). PID 695. Craig testified that he remembered nothing about Suchoski, that no one recommended McKissic and nothing stood out about him, that his recollection regarding Lewis was that one or two people viewed him as “retired in place,” and that his “impression” of Sroka was that he struggled with interactions with people. Craig did not know from whom he heard that Lewis was “retired in place,” and did not know how, where, or from whom he gained the impression regarding Sroka. PID 451-52. Yet he apparently viewed this information as reason to exclude Plaintiffs from participating in the interview/promotion process.
These additional reasons also fail under Burdine because they do not constitute “a clear and reasonably specific factual basis” for demoting Plaintiffs. See White v. Baxter Healthcare Corp., 533 F.3d 381, 392-93 (6th Cir. 2008); Hunter v. Lantech, Inc., 755 F.2d 932, at *1 (6th Cir. 1985) (table). As the Fifth Circuit observed in Alvarado v. Texas Rangers:
An employer’s subjective reason for not selecting a candidate, such as a subjective assessment of the candidate’s performance in an interview, may serve as a legitimate, nondiscriminatory reason for the candidate’s non-selection. See [Patrick v. Ridge, 394 F.3d 311,] 317 [ (5th Cir. 2004) ] (recognizing that McDonnell Douglas does not preclude an employer from relying on subjective reasons for its personnel decisions); see also Chapman v. AI Transport, 229 F.3d 1012, 1034 (11th Cir. 2000) (“It is inconceivable that Congress intended anti-discrimination statutes to deprive an employer of the ability to rely on important criteria in its employment decisions merely because those criteria are only capable of subjective evaluation.”). Such a reason will satisfy the employer’s burden of production, however, only if the employer articulates a clear and reasonably specific basis for its subjective assessment. See Burdine, 450 U.S. at 258 [101 S.Ct. 1089]; Patrick, 394 F.3d at 316-17; see also Chapman, 229 F.3d at 1034 (“A subjective reason is a legally sufficient, legitimate, nondiscriminatory reason if the defendant articulates a clear and reasonably specific factual basis upon which it based its subjective opinion.”); EEOC v. Target Corp., 460 F.3d 946, 957-58 (7th Cir. 2006) (agreeing with the Eleventh Circuit that “an employer must articulate reasonably specific facts that explain how it formed its [subjective] opinion of the applicant in order to meet its burden under Bur-dine").
Alvarado, 492 F.3d 605, 616-17 (5th Cir. 2007).
Whether Defendant articulated a sufficiently specific legitimate, non-discriminatory reason for demoting Plaintiffs is thus questionable. In any event, even assuming Defendant’s proffered reason(s) satisfied Burdine’s “clear and reasonably specific basis” requirement, Plaintiffs presented sufficient evidence of pretext to survive summary judgment. Pretext is established by demonstrating that the proffered reason either (1) had no basis in fact, (2) did not actually motivate the adverse employment action, or (3) was insufficient to warrant the adverse action. Ladd v. Grand Trunk W. R.R., Inc., 552 F.3d 495, 502 (6th Cir. 2009). Here, Defendant asserted that Plaintiffs were demoted as part of a restructuring of the DPD that involved an assessment of their qualifications unrelated to age. But there was a complete absence of transparency in Craig’s “restructuring.” Craig did not review Plaintiffs’ *287 files or interview any Plaintiff and testified he knew little or nothing about them. Was-serman, on whom Craig heavily relied, obtained age-related information about Plaintiffs. On the record before us, a reasonable jury could conclude that no objective standards or criteria guided Craig’s restructuring and given Craig’s “retired in place” remarks and Wasserman’s notes reflecting age concerns, that a mentality of “out with the old and in with the younger” guided Craig’s determinations on who to promote, A reasonable jury could disbelieve that an age-neutral qualifications assessment actually motivated, or was sufficient to warrant, Plaintiffs’ demotions, thus summary judgment in Defendant’s favor was improper.
As for Plaintiffs’ ADEA claims, under the ADEA generally, a plaintiff establishes the fourth prima facie prong by showing that he was replaced by a person who is both outside of the protected class, i.e., under 40 years of age, and significantly younger. Grosjean v. First Energy Corp., 349 F.3d 332, 335 (6th Cir. 2003). However, as we observed in Grosjean, a “person is not replaced when another employee is assigned to perform the plaintiffs duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work. A person is replaced only when another employee is hired or reassigned to perform the plaintiffs duties.” Id. at 336 (citing Barnes v. GenCorp Inc., 896 F.2d 1457, 1465 (6th Cir. 1990)).
The district court applied Grosjean’s “significantly younger” requirement and concluded that Suchoski, McKissic, and Lewis failed to establish the fourth prima facie element of their ADEA claims. PID 1132-33. However, because there were no one-on-one replacements for the demoted Plaintiffs, Grosjean is inapplicable.
The district court concluded that Serda did not establish the fourth prima facie element, even though a significantly younger applicant was chosen to fill the new position created in place of Serda’s former commander position, observing, “that [the fact that] Serda was replaced by a younger individual does not, on its own, create an inference of age discrimination.” PID 1134. However, Plaintiffs put forth additional circumstantial evidence of discrimination— that Craig did not review Plaintiffs’ files; in determining whom to promote, Craig relied on Wasserman, whose notes stated Plaintiffs’ years of service; that older applicants were weeded out before it was determined which applicants would be interviewed; and that Craig characterized several Plaintiffs as “retired in place.”
Finally, regarding Sroka, the district court concluded that although he was replaced by a significantly younger person, he failed to establish that age was the but-for cause of his demotion since Craig relied on “recommendations and discussions with Sroka’s co-workers during which it was reported that Sroka did not interact well with others” and Wasserman noted that Sroka was an “older cantankerous guy/loafed in room.” PID 1136. But given the additional evidence of age discrimination, these were questions of fact for a jury.
The district court went on to determine that, even assuming that Plaintiffs established prima facie ADEA claims, Defendant articulated a legitimate non-discriminatory reason for demoting Plaintiffs. As discussed with respect to the MCRA claims, this was error.
For these reasons, I would reverse.

. As the Michigan Supreme Court observed in Lytle:
At this stage, defendant need not persuade the court that it was actually motivated by the proffered reasons. It is sufficient if the defendant’s evidence raises a genuine issue of fact as to whether it discriminated against the plaintiff. To accomplish this, the defendant must clearly set forth, through the introduction of admissible evidence, the reasons for the plaintiff’s rejection. The explanation provided must be legally sufficient to justify a judgment for the defendant. If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity. [Texas Dep’t of Cmty. Affairs v. Burdine, 450 U.S. 248, 254-55, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981) (citations omitted).]
Once the defendant produces such evidence, even if later refuted or disbelieved, the presumption drops away, and the burden of proof shifts back to plaintiff. At this third stage of proof ... plaintiff had to show, by a preponderance of admissible direct or circumstantial evidence, that there was a triable issue that the employer’s proffered reasons were not true reasons, but were a mere pretext for discrimination.
Lytle, 579 N.W.2d at 915.