NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0028n.06

Case No. 19-3422

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jan 17, 2020
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| DONALD T. TSCHAPPATT, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| CRESCENT METAL PRODUCTS, INC., | ) | OHIO |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: GUY, SUTTON, and GRIFFIN, Circuit Judges.

SUTTON, Circuit Judge. Crescent Metal Products fired Donald Tschappatt for poor performance at work and assigned someone older to take his place. Claiming he was fired due to age, he sued. The district court granted summary judgment to the company. We affirm.

Crescent makes commercial food service equipment. It sells the equipment to restaurants, schools, and hotels. In 2006, it hired Tschappatt, then 46, for a manufacturing position. Six years later, Tschappatt sought and obtained a position in the "Clean and Pack" group. The group assembles Crescent's products, cleans them, and packs them for shipment.

Tschappatt obtained several disciplinary and performance infractions in his last years. His supervisors informally disciplined him several times for "negative comments" about co-workers and for "standing around and disappearing from the work area." R. 22-2 at 3–4. That escalated to

formal discipline when he took a 30-minute bathroom break while on the clock. Tschappatt also made several assembly and packing errors, including failing to place "CAUTION SURFACE HOT" labels on ten units destined for a school. The last straw occurred in January 2015, when he incorrectly installed metal posts on a unit, leaving the problem for the next shift to fix. Crescent fired Tschappatt soon after. He was 55 at the time. Crescent assigned Bob Hunter, then 61, to Tschappatt's position, and Hunter has performed the duties "without incident." *Id.* at 7.

Claiming he was fired because of his age, Tschappatt sued Crescent for age discrimination. After discovery, the district court granted summary judgment to Crescent.

The Age Discrimination in Employment Act prohibits employers from "discharg[ing]" or "otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Because Tschappatt relies on circumstantial evidence, not direct evidence, to support his claim, we evaluate it under the three-step framework made famous by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Step one: The plaintiff must show a prima facie case of discrimination. Step two: The defendant must identify a non-discriminatory reason for the action. Step three: The plaintiff must show any explanations by the company for its action are pretextual to avoid summary judgment. *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 521–22 (6th Cir. 2008).

Tschappatt's claim fails at the first step. He must show that he (1) was at least 40 at the time of the alleged discrimination, (2) faced an adverse employment action, (3) was otherwise qualified for his position, and (4) was replaced by someone "significantly" younger or that

similarly situated younger employees were treated more favorably. *Grosjean v. First Energy Corp.*, 349 F.3d 332, 335 (6th Cir. 2003); *Mickey*, 516 F.3d at 521.

Tschappatt fails to meet the fourth requirement—to show that he was replaced by someone younger. All of the competent and relevant evidence indicates that the company replaced him with Bob Hunter, who was 61.

Attempting to alter this conclusion, he relies on two affidavits. In one, a former Crescent employee claimed Tschappatt "was replaced by two younger individuals. One was 20 years old and from Madison, Ohio. The other person was under 30 years old." R. 28-1 at 1. In the other, a former employee says Tschappatt was replaced by "at least two people under the age of 30," who "all looked in their mid twenties." R. 28-4 at 1.

This evidence does not suffice. The role of summary judgment is to determine whether a material fact dispute exists for the jury to resolve, "not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see* Fed. R. Civ. P. 56. The standard ("replacement" by someone "significantly younger") implies an identified person or persons, or at least a specific age and specific job duties, as a point of comparison. *See Grosjean*, 349 F.3d at 336–39 (collecting cases); *Mickey*, 516 F.3d at 522. But Tschappatt's affidavits do not provide those details. As we held in an analogous race discrimination case, plaintiffs' failure to "identify any specific employees who replaced them" means they cannot make out a prima facie case. *Vaughn v. Watkins Motor Lines, Inc.*, 291 F.3d 900, 907 (6th Cir. 2002). The plaintiffs had a "full opportunity for discovery," and there was "no indication" that the defendant "failed to respond to discovery requests." *Id.* The

same goes here. Tschappatt had plenty of time and an array of discovery tools to answer a straightforward question: Who, if not Bob Hunter, replaced him? He never answered the question.

Making matters worse for Tschappatt, Crescent put in plenty of evidence that Bob Hunter, age 61, replaced Tschappatt. Crescent reassigned Hunter to Tschappatt's position, and Hunter has been "able to successfully reach the same production goals" and "perform all of the duties" of the position "without incident." R. 22-2 at 7. Two of Tschappatt's supervisors testified on the point in their depositions, and followed it up with to-like-effect affidavits. Tschappatt never directly responded to the evidence that Hunter replaced him, instead relying on indirect and non-specific affidavits. Even if his affidavits raised "some metaphysical doubt as to the material facts" (they do not), they do not show a *genuine* dispute for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

Nor, for related reasons, has Tschappatt created a genuine fact dispute over whether the company treated younger employees better than it treated him. *Mickey*, 516 F.3d at 522. To be meaningful, the comparison must be between employees "similarly situated" to the plaintiff in all relevant respects. *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992). Factors include whether the younger individual was under the same supervisor, had a similar prior disciplinary record, or engaged in comparably serious misconduct. *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 352 (6th Cir. 1998). How can we consider these factors without a specific person in mind? We have no idea. Neither does Tschappatt. Once again, his affidavits merely offer general assertions that younger employees were not disciplined for the violations that Tschappatt was disciplined for. Consider: "I have seen other younger people go to the bathroom for up to 45 minutes or an hour and no one was ever written up for that except Mr. Tschappatt," R. 28-4 at 1, and "Mr. Tschappatt was being punished for minor mistakes that other people,

including younger people, routinely make," R. 28-3 at 2. It never gets more specific than that. That means we cannot tell whether any of these supposed younger employees were "similarly situated" to Tschappatt, and that means he cannot make out a prima facie case of discriminatory unfavorable treatment. *See Noble v. Brinker Int'l., Inc.*, 391 F.3d 715, 730–31 (6th Cir. 2004); *cf. Mitchell*, 964 F.2d at 583–84.

Tschappatt insists that he has no obligation to offer such evidence. Because he did not raise the prima facie issue in his opening appellate brief, he says, the issue is "not properly presented on appeal," and we thus cannot consider it. Reply Br. 6–7. That is not true. We can affirm a district court's decision for any reason in the record, including alternative grounds raised below and here. *EA Mgmt. v. JP Morgan Chase Bank, N.A.*, 655 F.3d 573, 575 (6th Cir. 2011).

Tschappatt's cases do not alter this conclusion. In *Lanier*, the court chose not to address various merits arguments ("wholly different substantive law questions") because the district court dismissed the case on personal-jurisdiction grounds. *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 911–12 (6th Cir. 1988). But the court did not say that its choice was mandatory. The circumstances differ here anyway. The district court *did* reach the "substantive law question[]" (whether Crescent discriminated against Tschappatt) and the specific argument at issue (whether Tschappatt showed a prima facie case). *Id. Wu v. Tyson Foods, Inc.*, offers no help either. 189 F. App'x 375 (6th Cir. 2006). There, the court did not reach some of the appellee's arguments because it was able to affirm for another reason. *Id.* at 381. That is not this case. Having failed to make out a prima facie case of age discrimination, Tschappatt's claim must fail.

We affirm.