NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0086n.06

No. 25-3039

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 12, 2026
KELLY L. STEPHENS, Clerk

)
MARK YACKO,                                           )
                                                      )
     Plaintiff-Appellant,                          )     ON APPEAL FROM THE
                                                      )     UNITED STATES DISTRICT
v.                                                    )     COURT FOR THE
                                                      )     NORTHERN DISTRICT OF
GENERAL MOTORS COMPANY, et al.                        )     OHIO
                                                      )
     Defendants-Appellees.                         )     OPINION
                                                      )

---

Before: KETHLEDGE, BUSH, and NALBANDIAN, Circuit Judges.

**JOHN K. BUSH, Circuit Judge**. General Motors fired Mark Yacko in 2023 following a year-end performance review where Yacko received a minus rating. Yacko claimed his age was the real reason for his firing, and he brought this suit. The district court granted summary judgment to GM. We **AFFIRM**.

**I.**

Yacko began working full-time at GM's Parma, Ohio plant in 1999. From the beginning of his employment until he was terminated in 2023, Yacko was in the Maintenance group, most recently as a Group Leader. In this role, he supervised a team of other employees to repair and maintain the plant's equipment.

In 2022, Yacko began reporting to a new supervisor—Frank Jewett. One of Jewett's responsibilities as Yacko's supervisor was to conduct both mid-year and year-end performance reviews and provide comments on Yacko's performance. When Jewett first reviewed Yacko, GM used a nine-box review system that rated employees from one to nine, with one being worse

than nine. This system had its issues. As Yacko observed, it was a "weird" scale because, at least as he understood the system, "one [was] not the worst, and nine [was] not the best." R. 27-2, Yacko Dep., PageID 296. Instead, about "90 percent" of employees received a five, which meant they were not exceptional but doing their job. *Id.*

In Yacko's 2022 mid-year review, Jewett gave Yacko a four. Jewett stated that Yacko had strong technical abilities but that he "dismisses opinions contrary to his own," "misses deadlines," "does not share information," and was resistant to change. *Id.* at 356. Jewett also noted that he had three meetings with Yacko concerning performance issues in the first half of 2022: two related to how Yacko was "perceived by others," while the other related to attendance. *Id.*

Between the 2022 mid-year review and the review at the end of that year, GM made a switch. It got rid of the nine-box review system in favor of a three-box review. The new system gave only three options: plus, minus, or par. The three-box system simplified the review metrics "to provide clarity to employees around how their performance related to the rating." R. 27-4, DeWildt Dep., PageID 490. Yacko does not point to any evidence that GM had ulterior motives for this change.

The reviews at GM follow a particular process. The human resources leadership teams meet to review each of the Parma plant managers with the goal of calibrating reviews across different supervisors and reaching consensus on each manager's official rating. The final ratings determination for each manager is made by the HRM team, which is comprised of the Plant Director, the Assistant Plant Manager, the Human Resources-Labor Relations Site Director, the Global Supply Chain Manager, the Manufacturing Engineering Manager, and the Finance Manager. In November 2022, the HRM team met for two hours to discuss the performance of all 120 GM managers at the Parma plant, spending most of their time on the high and low performers.

It was during this meeting that the HRM team discussed Yacko's 2022 performance. Under the three-box systems, the HRM team gave him a "teamGM minus" rating. The minus rating was then entered into GM's human resources system, but Yacko was not immediately terminated.

A couple months after this review, Tammy DeWildt, a human resources director at GM, was assigned the task of identifying low-performing employees and firing them. DeWildt ran a report in the human resources system to find those managers who had been designated as underperforming in their 2022 year-end reviews. The report returned two names: Yacko and Craig Conrad, a manager fifteen-years younger than Yacko who also had received a teamGM minus rating. After confirming that Yacko and Conrad were appropriately given a minus rating, DeWildt made the decision to fire both of them.

After Yacko's termination, GM transferred Roger East, a manager from the first shift, to cover Yacko's role as the third-shift maintenance manager. East was a little over six years younger than Yacko, but Yacko does not provide any evidence that GM took their respective ages into account when making this decision, and GM employees testified that they were not aware of Yacko's age either when he was given a minus rating or when he was terminated.

Yacko brought this lawsuit in Ohio state court less than a year after his termination, claiming age discrimination, breach of contract, and defamation against Gaeschke, the Plant Director. GM removed the case to federal court based on diversity of citizenship and later moved for summary judgment. The district court granted summary judgment to GM on all counts. Yacko now appeals the summary judgment order only as it relates to his age discrimination claim.

## II.

We review de novo the district court's grant of summary judgment, viewing the facts in the light most favorable to Yacko and drawing all inferences in his favor. *See Willard v. Huntington Ford, Inc.*, 952 F.3d 795, 805–06 (6th Cir. 2020). "Our ultimate question is 'whether reasonable jurors could find by a preponderance of the evidence that the [nonmoving] plaintiff is entitled to a verdict.'" *Id.* at 805 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). "[W]e are free to affirm the judgment on any basis supported by the record. This is especially so where the underlying facts are undisputed." *Angel v. Kentucky*, 314 F.3d 262, 264 (6th Cir. 2002).

## III.

Yacko's only argument on appeal is that the district court erred in granting summary judgment against him on his age discrimination claim under Ohio Rev. Code § 4112.02(A). This claim is analyzed under the same legal standards as a claim under the Age Discrimination in Employment Act. *Blizzard v. Marion Tech. Coll.*, 698 F.3d 275, 283 (6th Cir. 2012). Yacko relies on circumstantial evidence to support his claim, so we apply the *McDonnell Douglas* burden-shifting framework. *See Willard*, 952 F.3d at 807 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). The district court concluded that Yacko's claims failed at step three of the *McDonnell Douglas* test—which requires a plaintiff to show that the proffered reason for his termination was pretextual—because he could not meet his burden. *Id.* But we need not get that far because Yacko cannot make out a prima facie case of discrimination at step one of the test.

Establishing a prima facie case "is not intended to be onerous," but a plaintiff must still establish the elements. *Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 814 (6th Cir. 2011). To make out a prima facie case of age discrimination, Yacko needed to show that he (1) is older than

40; (2) suffered an adverse employment action; (3) was qualified for the position he was terminated from; and (4) "was replaced by someone outside of the protected class or" was treated less favorably than "similarly situated non-protected employees . . . ." *Pelcha v. MW Bancorp., Inc.*, 988 F.3d 318, 326 (6th Cir. 2021). On appeal, the parties agree that Yacko can establish the first three elements, but GM contends that Yacko has not presented sufficient evidence to prove the fourth. GM is correct.

A plaintiff can establish the fourth element in two ways: by showing that he was replaced "by a significantly younger person," *Grosjean v. First Energy Corp.*, 349 F.3d 332, 335 (6th Cir. 2003), or that "a similarly situated, 'significantly younger person'—someone more than six years younger—was treated more favorably than" him, *Diebel v. L & H Res., LLC*, 492 F. App'x 523, 529 (6th Cir. 2012). In this circuit, we consider "an age difference of six years or less between an employee and a replacement" to be insignificant. *Grosjean*, 349 F.3d at 340. While *Grosjean* created a bright-line rule that any replacement who is not at least six-years-plus-a-day younger is not significantly younger for ADEA purposes, it "created a zone of discretion in age-discrimination cases involving replacement by a person who is between six and ten years younger than the plaintiff." *Blizzard*, 698 F.3d at 284.

Because Yacko was more than six years, but less than seven years, older than the person who replaced him, his case falls into the zone of discretion. For cases in this zone, we have generally looked to what other evidence of age discrimination the plaintiff can show to support his contention that age was considered in the firing and hiring decisions. *See, e.g.*, *Scola v. Publix Supermarkets, Inc.*, 557 F. App'x 458, 467 (6th Cir. 2014).

Unfortunately for Yacko, he cannot point to any evidence that age played a role in his termination. And he admitted as much in his deposition. When asked whether his termination

was because of his age, Yacko answered that he did not know whether his age "came into their mind or not." R. 27-2, Yacko Dep., PageID 307. GM employees, on the other hand, testified that they were not even aware of Yacko's or his replacement's respective ages at the time of these decisions. Yacko's lack of relevant evidence that the final decisionmakers in his rating and termination considered the relative ages of Yacko and his replacement shows that the age gap between them was insignificant.

Yacko has one other route to establish the fourth element—he must show that "a similarly situated, 'significantly younger person' . . . was treated more favorably than [him]." *Diebel*, 492 F. App'x at 529. The district court held that Yacko met his burden by pointing to three employees: Conrad, East, and Spells. But each of these employees fails as a comparator.

Start with East and Spells. As already explained, East, who replaced Yacko, is not significantly younger so he cannot be a comparator to establish the fourth element. Spells also is between six and seven years younger than Yacko, so we find ourselves back in the zone of discretion. We again turn to Yacko's other evidence that age was a consideration in firing him and retaining Spells. He presents none, so we have no basis to conclude that Spells meets the standard of being significantly younger than Yacko. Thus, East and Spells fail as comparators for the fourth element.

Now turn to Conrad. Conrad is fifteen years younger than Yacko, so he is significantly younger. The question then is whether Conrad was similarly situated to Yacko "in all *relevant* respects.'" *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516, 522 (6th Cir. 2008) (quoting *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 353 (6th Cir. 1998)). This requires us to analyze several factors, including whether the employees "have dealt with the same supervisor, have been subject to the same standards[,] and have engaged in the same conduct without such

differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992). But the relevant factors should be determined case-by-case, and courts "should make an independent determination as to the relevancy of a particular aspect of the plaintiff's employment status and that of the non-protected employee." *Ercegovich*, 154 F.3d at 352.

Yacko argued at the district court that Conrad was similarly situated to him, and when Conrad received a poor review in 2019, he was given the chance to participate in a performance improvement plan (PIP) before being considered for termination. Conrad and Yacko were both employees at GM, but that might be where the similarities end. When Conrad received his poor review in 2019, Conrad was not a maintenance group leader and he was not reviewed by Jewett. Conrad's 2019 review also came under the old 9-box review system that was replaced in 2022, so his review occurred under different standards than the review in 2022. Furthermore, Yacko does not provide any evidence that Conrad's noted performance deficiencies were the same as Yacko's. But Conrad and Yacko did have one important similarity—in 2022, both Conrad and Yacko received minus ratings in their performance reviews and both were terminated. In sum, Conrad was not similarly situated to Yacko.

Yacko therefore has not met his burden of establishing a prima facie case. He failed to establish the fourth element of his age discrimination claim through either a significantly younger replacement or a significantly younger comparator who received better treatment. Without proof of the fourth element, Yacko's claim fails at step one of the *McDonnell Douglas* test. The district court properly granted summary judgment to GM.

## IV.

For these reasons, we **AFFIRM** the decision of the district court.